JOSEPH L. WARMSLEY, an Infant, by His Mother and Natural Guardian, CHERYL WARMSLEY, et al., Appellants, v. LONG ISLAND BANANA Co., INC., Respondent.— Judgment of the Supreme Court, Nassau County, entered December 15, 1972, affirmed, without costs. No opinion. Latham, Shapiro and Gulotta, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum, in which Hopkins, Acting P. J., concurs: In this negligence action the 17-month-old infant plaintiff seeks to recover damages for personal injuries sustained when his right hand was caught in a moving, motorized conveyor belt. The facts, briefly stated, are that the infant plaintiff and his mother,

the coplaintiff, entered defendant's premises on a Sunday evening, with the permission of the mother's boyfriend and another alleged to be the "boss", both of whom were employees of defendant. In plaintiffs' presence, loading commenced by placing bananas on the motorized conveyor belt which moved the fruit toward a truck. While the loading operation was proceeding, plaintiffs, who were on their way to the bathroom, had to walk through a narrow path between the end of the conveyor belt and a refrigerator. As they passed through this opening the infant caught his hand in the conveyor belt and suffered the injuries which are the subject of the instant suit. At the close of plaintiffs' case, the court dismissed the complaint for failure to prove a prima facie case. This, in my opinion, was error. In *Patterson* v. *Proctor Paint & Varnish Co.* (21 N Y 2d 447) an infant plaintiff trespassed upon the defendant's open yard which was adjacent to its paint and varnish manufacturing plant and situated near a residential area. The infant picked up a can which contained a liquid that looked like water but, in reality, was a highly volatile fluid. Playing "fireman", the infant threw the fluid into a previously ignited fire and sustained severe burns. The complaint was dismissed at the close of the evidence, for legal insufficiency, and this court affirmed, with two Justices dissenting. In reversing this court's order and directing a new trial, the Court of Appeals held that "if the owner of land leaves it open and accessible to children; if he knows that children use it for play; and if he leaves accessible to them highly volatile substances, a case prima facie is made out if a child is thus injured" (*Patterson* v. *Proctor Paint & Varnish Co., supra,* p. 453). In *Healy* v. *City of New Rochelle* (25 A D 2d 446) we affirmed a judgment after a jury trial which held the defendants liable for the plaintiff's intestate's death. The decedent, a boy four years and nine months of age, was a trespasser on premises under the defendants' control. He fell through the ice on a swimming pool in the rear of the premises. The pool was unfenced, in violation of a zoning ordinance, and was located in close proximity to a large apartment house development and a playground used by the children living there. Generally, the issue in these cases is whether the property owner knows that children too young to appreciate the dangers concomitant with their presence on his property are likely to enter thereon. However, the more recent cases instruct us that the once rigid rules which oft-times resulted in the dismissal of a complaint have lost force as the law in this area has developed. Bearing this in mind, I think the case should have been sent to the jury. Credulity need not be strained for a jury to find that the infant plaintiff was a licensee upon the premises and that defendant, through its authorized employees, failed to exercise the care required under the circumstances to protect the child from the danger of coming into contact with the machinery.